UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ROGER ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-CV-47 |
| | ) | |
| CHAIRMAN OF THE UNITED STATES | ) | |
| MERIT SYSTEMS PROTECTION BOARD, | ) | |
| | ) | |
| CHAIRMAN OF FEDERAL DEPOSIT | ) | |
| INSURANCE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on the United States' Motion to Dismiss [doc. 16], the United States' Brief in Support of the Motion [doc. 17], and Plaintiff's Response [doc. 19]. For the reasons herein, the Court will grant the United States' motion.

## I. BACKGROUND

A pro se plaintiff, Roger Elliott ("Mr. Elliott") brings this suit as a "Motion to Set Aside a Judgment for Fraud on the Court." [Compl., doc. 1, ¶ 1]. Specifically, he petitions this Court, under Federal Rule of Civil Procedure 60(d)(3),[1] to set aside a judgment from the United States District Court for the Eastern District of Virginia and the United States Court of Appeals for the Fourth Circuit. [*Id.*]. He alleges that Defendants—in a defunct

---

[1] Rule 60(d)(3) states that states that a court may "set aside a judgment for fraud on the court."

case in which he was a party before these courts—participated in a "scheme to directly subvert the judicial process by forever preventing due process." [*Id.* ¶¶ 1, 5]. In this vein, he claims that Defendants "fabricated" its reason for terminating his employment with the Federal Deposit Insurance Corporation ("FDIC"). [*Id.* ¶ 1]. The United States now requests the dismissal of this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Defs.' Br. at 6–10, 11–16].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." In determining whether to dismiss a complaint under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). In cases in which a plaintiff is acting pro se, a court must "liberally construe[]" the pleading and not reject it because it is "unartfully pleaded." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted); *but cf. McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (footnote omitted)).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In addition, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

When considering a motion to dismiss, the Court ordinarily may not look outside the complaint, but it does have license to take judicial notice of matters outside the complaint and will do so in this case. *In re Unumprovident Corp. Secs. Litig.*, 396 F. Supp. 2d 858, 873 (E.D. Tenn. 2005). The FDIC terminated Mr. Elliott in 1999 "for falsification of official documents, failure to follow supervisory instructions, inappropriate or disrespectful conduct, and absence without leave on two occasions." *Elliott v. FDIC*, 305 F. Supp. 2d 79, 81 (D.D.C. 2004). Mr. Elliott appealed the FDIC's decision to the Merit Systems Protection Board ("MSPB"), which upheld his termination. *Id.* at 81–82.

Acting pro se, he then appealed the MSPB's final order to the Eastern District of Virginia, which dismissed his appeal. *Id.* Next, he filed an appeal with the Fourth Circuit, which affirmed the district court's decision. *Id.* at 82; *Elliott v. FDIC*, No. 01-1771 (4th Cir. Oct. 17, 2001). The Supreme Court denied his petition for certiorari. *Elliott v. FDIC*, No. 01-1771 (4th Cir. Oct. 17, 2001), *cert. denied*, 535 U.S. 989 (2002). He has since filed actions in other federal courts, attacking the legitimacy of his termination in various

3

ways—without success. *See Elliott v. FDIC*, 306 F. App'x 565 (Fed. Cir. 2009); *Elliott v. Chairman of U.S. Merit Sys. Prot. Bd.*, No. 2:05-0115, 2006 WL 288161 (M.D. Tenn. Feb. 3, 2006); *Elliott v. FDIC*, 305 F. Supp. 2d 79 (D.D.C. 2004). This Court is now the latest recipient of one of Mr. Elliott's suits.

As an initial matter, the Court's ability to exercise subject matter jurisdiction over this case—which, according to Mr. Elliott's allegations, derives from proceedings before the Eastern District of Virginia and the Fourth Circuit—is dubious. *See Laues v. Roberts*, 2015 WL 1412631, at *4 (E.D. Mich. Mar. 25, 2015) ("[T]his Court has no jurisdiction to upset or review a past judgment issued by another District Court[.]" (quotation omitted)); *cf. Howat v. Kansas*, 258 U.S. 181, 190 (1922) ("It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either *by itself or by a higher court*, its orders based on its decision are to be respected[.]" (emphasis added)); *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1136 (6th Cir. 1991) ("We have no appellate jurisdiction over decisions of district courts outside the Sixth Circuit." (citations omitted)); *see also Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964) ("[C]omity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of [a Rule 60(b)] action and remand the parties for their relief to the rendering court[.]"); *but see Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18–19 (1976) (abolishing the appellate-leave requirement by holding that a district court, to address a Rule 60(b) motion, does not first have to request permission from the appellate court that affirmed the judgment); *Nobrega v. Hinkle*, 576 F. App'x 224, 224 (4th Cir. 2014) (describing the abrogation of the appellate-leave

requirement as "well settled" (citing *id.* at 17–19)); *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (acknowledging that a federal district court may review a *state* court judgment if a party claims that it arose through fraud).

But the Court has no need to delve into this grainy issue—that is, into the *specific* issue of whether a district court in one jurisdiction can entertain an independent action under Rule 60(d)(3) to rescind another court's judgment—because Mr. Elliott does not plead sufficient facts to undergird his claim. "[F]raud upon the court . . . embrace[s] only that species of fraud which does or attempts to, [1] subvert the integrity of the court itself, or [2] is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner[.]" *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (quoting *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993)). More specifically, a claim for fraud upon the court consists of five elements:

> [C]onduct: (1) On the part of an officer of the court; (2) That is directed to the "judicial machinery" itself; (3) That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; (4) That is a positive averment or is concealment when one is under a duty to disclose; (5) That deceives the court.

*Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001) (quotation omitted). Mr. Elliott seems to implicate a witness in the underlying litigation as the perpetrator of the alleged fraud upon the court, having filed excerpts of an unspecified deposition—which appears to be that of his former supervisor. [Dep. Tr., doc. 1-1]. Mr. Elliott seems to believe that this testimony was intentionally false, or phrased differently, an act of perjury. [Compl. ¶ 1].

But even when the Court reads Mr. Elliott's allegations liberally—stretching even so far as to make the untenable inference that this testimony is likely a fabrication and not

5

merely an equivocation—Mr. Elliott still cannot mount a plausible claim for fraud upon the court. *See Rodriquez v. Honigman Miller Schwartz & Cohn LLP*, 465 F. App'x 504, 510 (6th Cir. 2012) ("[The] alleged perjury of a *witness* is not a ground for [fraud upon the court]." (emphasis added) (citation omitted)); *see Bulloch v. United States*, 721 F.2d 713, 718 (10th Cir. 1983) ("Fraud upon the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties . . . false statements or perjury."); *see also Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007) ("Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially." (citation omitted)).

In short, Mr. Elliott avers only that a witness and not an officer of the court—such as an attorney—committed the alleged fraud. *See Workman*, 245 F.3d at 852 (recognizing that conduct "[o]n the part of an officer of the court" is a necessary element of fraud upon the court (citation omitted)); *see H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976) ("Since attorneys are officers of the court, their conduct, if dishonest, would constituted fraud upon the court."). And even if Mr. Elliott had pleaded that an officer of the court committed the alleged fraud, he does not plead that the fraud resulted in deception of the court—an element that he must also allege to establish a plausible claim for fraud upon the court. *Workman*, 245 F.3d at 852. In sum, through the prism of a liberal pleading standard, *see Erickson*, 551 U.S. at 94, he falls well short of pleading a claim that shows he is entitled to relief under Rule 8(a)(2). The Court must therefore dismiss this action. *See Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321,

322 (6th Cir. 2001) (affirming the district court's dismissal of a pro se complaint because it contained "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. U.S. Attorney*, No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997) (affirming the district court's dismissal of a pro se complaint because its allegations were "far too muddled to serve as a basis for a proper suit").

## IV. CONCLUSION

Mr. Elliott fails to plead a plausible claim for fraud upon the court. The United States' Motion to Dismiss [doc. 16] is therefore **GRANTED**. This action is hereby **DISMISSED**. All outstanding motions are **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge